UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>William H. Walls<br>District Judge<br>_____<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>LETTER OPINION</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

May 8, 2007

Appearances:

*Plaintiff*
Matthew Tucker
Greystone Hospital
#18552
Central Avenue Complex, Wing-B
Greystone, NJ 07950
*Pro Se*

*Defendant*
Kimberly A. Sked
Office of the NJ Attorney General
RJ Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-00112

Re:   <u>Tucker v. Doe</u>, No. 03-5704 (WHW)
      Appeal of Magistrate's Decision Denying Motion to Amend Complaint and to Compel
      Defendant Arnold to Provide Information

Dear Litigants:

Plaintiff Matthew Tucker appeals from Magistrate Judge Hedges' January 12, 2007 Letter-Order denying Tucker's motion to amend his complaint and compel Defendant Michael Arnold to provide contact information for individuals employed in the Greystone Park Psychiatric Hospital mail room. Pursuant to Fed. R. Civ. P. 78, the Court decides this appeal without oral argument. Judge Hedges' order is affirmed in part and reversed in part.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On November 23, 2003 Matthew Tucker filed a Complaint naming "John Doe, Clerk of the Superior Court of N. Jersey, Morristown, NJ" as the defendant. The Complaint alleges that Defendant violated Tucker's right of access to the Court when he did not file the Complaints which Tucker had mailed from Greystone Park Psychiatric Hospital ("Greystone") to the Superior Court of New Jersey in Morristown, New Jersey. The case was dismissed on April 30, 2004 on immunity grounds. Tucker appealed, and on April 6, 2006, the Third Circuit vacated the Court's order and remanded the case for further proceedings.

On August 9, 2006, default was entered against Joan Bramhall. However, on November 9, 2006, default was vacated because the Court learned that Michael Arnold, not Joan Bramhall, was the true party in interest. The State agreed to accept service of the Complaint made against John Doe, otherwise known as Michael Arnold, Deputy Clerk of the Superior Court of New Jersey, Morris Vicinage.

On December 12, 2006, Tucker moved to amend the Complaint to name additional defendants and moved to compel Defendant Arnold to provide contact information for individuals employed in the Greystone mail room. On January 16, 2007, Magistrate Hedges issued a letter-order (the "January Order") denying Tucker's motion. On January 22, 2007,

Tucker appealed the January Order. On February 9, 2007, Tucker filed a motion to amend the motion to amend the complaint. His motion was denied by Judge Hedges on March 6, 2007 (the "March Order"). Tucker appealed the March Order on March 12, 2006. The Court now considers Tucker's appeals of the January and March Orders.

## STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986). Because the issue raised by Tucker is a nondispositive matter, this Court can set aside Magistrate Judge Hedges' order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the reviewing court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir.1972)). Under the

clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "even if the court might have decided the matter differently." Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearly, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines, 975 F.2d at 92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997).

## DISCUSSION

**1. Motion to Amend the Complaint**

Rule 15(a) of the Federal Rules of Procedure provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely granted when justice so requires." Fed. R. Civ. P. Rule 15(a). The Supreme Court has stated, "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given. Forman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation omitted).

Tucker moved to amend the Complaint to add additional defendants. Judge Hedges denied this motion on the grounds that he was "unable to understand from the motion papers exactly who Tucker wishes to name as a defendant or the causes of action which plaintiff seeks to assert against any new defendants." January Order.

Admittedly, Tucker's petition is not a model of clarity. However, since Tucker is proceeding pro se, the Court will read his petition liberally to determine if there is any basis for the relief he requests. See Haines v. Kerner, 404 U.S. 519 (1972) (applying liberal standards to pro se litigants).

Tucker's motion indicates that through discovery, he learned that there may be other parties who are liable. Specifically, he notes that Defendant Arnold represented that he did not receive the legal mail from Tucker which is referenced in his Complaint. Tucker indicates that he would like to amend his Complaint to name as defendants those individuals at Greystone who were responsible for handling and mailing this legal mail. Additionally, Tucker's motion indicates that he would like to add Danielle Barnave and Beverly Bailey, the individuals to whom he allegedly gave his legal mail to be mailed, as defendants. There are no additional causes of action to be added.

This action is still in a preliminary stage. Discovery has only recently begun and there is no pending trial date. There does not appear to be undue delay, bad faith or dilatory motive, or undue prejudice on Tucker's part in seeking to amend. Accordingly, Tucker should be allowed to amend his complaint. Judge Hedge's order denying leave to amend is reversed.[1]

**2. Motion to Compel Defendant to Provide Information**

Tucker also asked the Court to order Defendant Arnold, through his counsel, Kimberly A. Sked, to provide him with the names and addresses of persons who were employed in the mail room at Greystone at the time Tucker gave his legal mail dated September 29, 2003, October 3,

---

[1] Since the Court grants Tucker leave to amend his complaint, his appeal of Judge Hedges' denial of the motion to amend the motion to amend the complaint is moot.

2003, October 26, 2003, and November 10, 2003 to Greyston. Defendant further asks the Court to order Ms. Sked to provide him with the addresses of Danielle Barnave and Beverly Bailey.

Defendant Arnold opposes this motion on the grounds that he is not affiliated with Greystone and therefore has no personal knowledge of the identity of persons who worked in the mail room or handled resident mail in late 2003. Nor does he know persons by the name of Danielle Barnave and Beverly Bailey.

The Court concludes that such relief is more properly directed at a legal representative of Greystone, if and when that entity is brought into the case. Accordingly, Judge Hedges' January Order with respect to the motion to compel, is affirmed.

## CONCLUSION

It is on this 8th day of May, 2007,

ORDERED that Judge Hedges' January 12, 2007 Letter-Order denying Tucker's motion to amend his complaint is REVERSED; it is further

ORDERED that Tucker has thirty (30) days from the date of this order to amend his Complaint; and it is further

ORDERED that the January 12, 2007 Letter-Order denying Tucker's motion to compel Defendant Arnold to provide contact information for individuals at Greystone Park Psychiatric Hospital is AFFIRMED.

s/ William H. Walls
**William H. Walls, U.S.D.J.**