# UNITED STATES DISTRICT COURT

## District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
————

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

January 15, 2008

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
10 Ellis Drive, 3rd Floor
Central Avenue Complex, Wing-B
Greystone, NJ  07950

Matthew A. Sapienza, Esq.
Office of the New Jersey Attorney General
Department of Law and Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ  08625-00112

Re:     Tucker v. Doe, et al. - 03-5704 (WHW)
        Motion to Find Defendants in Default and Basis for Plaintiff Wanting Default Judgment
        in the Amount of $7,000,000.00 in Reference State Law Claims Raised by Plaintiff


Dear Litigants:

Pro se Plaintiff Matthew Tucker moves for an entry of default against Defendants and

provides a basis for his claim of default judgment in the amount of $7,000,000.00.  Pursuant to

Federal Rule of Civil Procedure 78, the Court decides this motion without oral argument.

Plaintiff's motion for an entry of default is denied.

## FACTS AND PROCEDURAL BACKGROUND

On November 23, 2003, Plaintiff Matthew Tucker filed a Complaint naming "John Doe, Clerk of the Superior Court of N. Jersey, Morristown, NJ" as Defendant.  The Complaint alleges that Defendant violated Tucker's right of access to the Court when he did not file the Complaints which Tucker had mailed from Greystone Park Psychiatric Hospital to the Superior Court of New Jersey in Morristown, New Jersey.  The Court dismissed the Complaint on April 30, 2004, on the basis of absolute immunity.  Following a timely appeal, the Third Circuit vacated the Court's order and remanded the case for further proceedings on April 6, 2006.

On August 9, 2006, default was entered against Joan Bramhall.  On November 9, 2006, however, default was vacated because the Court learned that Michael Arnold, not Bramhall, was the true party-in-interest.  The State agreed to accept service of the Complaint made against Defendant John Doe, otherwise known as Michael Arnold, Deputy Clerk of the Superior Court of New Jersey, Morris Vicinage.

On May 8, 2007, the Court reversed in part and affirmed in part Magistrate Judge Ronald Hedges's January 12, 2007 Letter Order.  Of relevance to this motion, the Court reversed Judge Hedges's order denying Plaintiff's motion to amend his Complaint.  Plaintiff filed his Amended Complaint on May 16, 2007, adding two Defendants – Beverly Bailey and Danielle Baenave – alongside Arnold and John/Jane Does.  On June 4, 2007, Defendant Arnold applied for a Clerk's order extending his time to answer the Amended Complaint, which was granted on June 7, 2007,

resulting in a new deadline of June 20, 2007 for the submission of Defendant Arnold's Answer.

As a result of Defendant Arnold's failure to file his Answer, Plaintiff filed this motion for an

entry of default on June 27, 2007, and on July 11, 2007, he filed a supplemental response in

support of this motion.  On July 17, 2007, without explanation as to his delay, Defendant Arnold

finally answered the Amended Complaint.

**STANDARD**

Federal Rule of Civil Procedure 55(a) states the following:

> When a party against whom a judgment for affirmative relief is sought has failed to plead
> or otherwise defend as provided by these rules and that fact is made to appear by affidavit
> or otherwise, the clerk shall enter the party's default.

"Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may

impose a default as a sanction."  Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 n.11

(3d Cir. 1992) (citations omitted); see also 10A Charles Alan Wright, et al., Federal Practice &

Procedure § 2682 (3d ed. 2007) ("The fact that Rule 55(a) gives the clerk authority to enter a

default is not a limitation on the power of the court to do so.").  Whether or not to enter default

against a defendant, however, is a matter for the court's discretion.  See Davis v. Parkhill-

Goodloe Co., 302 F.2d 489, 495-96 (5th Cir. 1962) (approving of the district court's "refusal . . .

to direct the Clerk to enter a default . . . and then proceed to render a judgment on the default"

because "[t]o have granted it under these circumstances would have been a return to

technicalities out of keeping with the aim declared in the very first Rule"); see also 10A Wright,

et al., Federal Practice & Procedure § 2682 ("[T]he court should exercise discretion in deciding

whether or not to order a default.").

**DISCUSSION**

The Court denies Plaintiff Matthew Tucker's motion to find Defendants in default.  The

Third Circuit "does not favor entry of defaults or default judgments."  United States v.

$55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  All parties, whether individual

or governmental, should have an opportunity to have their matter decided on the substantive

merits.  Notwithstanding that Defendant Michael Arnold filed an untimely Answer, he did so

within a reasonable period of its deadline, and as a result, the Court believes that an entry of

default against him is inappropriate.

As for Defendants Beverly Bailey and Danielle Baenave, it appears that as of the filing of

this motion, they had not been served with the Amended Complaint.  The docket for this matter

reflects an executed summons with respect to Defendant Arnold, (see Summons (No. 65)), but

none for his co-Defendants.  Moreover, later filings by Plaintiff provide for (1) notice to the

Clerk as to Defendants Bailey's and Baenave's addresses, (see Notice (No. 75)), and (2) a request

that the Clerk serve the summons and Amended Complaint upon Defendants Bailey and

Baenave, (see Application/Pet. (No. 77) ("As of the date of this application Defendants named in

the Amended Complaint has not been served the Summons and Complaint in this cause even

though Judge Walls allowed the adding of additional Defendants.")).  Accordingly, the Court

cannot enter default against Defendants Bailey or Baenave.[1]

---

[1]  The Court understands Plaintiff's submission of the basis for his request of default
judgment in the amount of $7,000,000.00, to be a response to an August 9, 2006 Order, wherein
the Court, in addition to entering default against Joan Bramhall, ordered Plaintiff to provide such
a basis to support the entry of default judgment.  (See Order (No. 19).)  Plaintiff later did so on
August 21, 2006.  (See Aff. (No. 20.)  As such, the Court does not interpret Plaintiff's

## CONCLUSION

It is on this 15th day of January, 2008,

**ORDERED** that Plaintiff Matthew Tucker's motion to find Defendants in default and

basis for Plaintiff wanting default judgment in the amount of $7,000,000.00 in reference to state

law claims raised by Plaintiff is **DENIED**.

**s/William H. Walls**
United States Senior District Judge

---

submission as a motion requesting any additional relief at this time.  If, however, Plaintiff had
intended the submission to serve as a motion for default judgment, it is denied because an entry
of default is a prerequisite for obtaining default judgment. See 10A Wright, et al., Federal
Practice & Procedure § 2682.