# UNITED STATES DISTRICT COURT

District of New Jersey

<div style="float:left">
Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax
</div>

<div style="float:right">
Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102
</div>

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

April 15, 2008

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
10 Ellis Drive, 3rd Floor
Central Avenue Complex, Wing-B
Greystone, NJ  07950

Matthew A. Sapienza, Esq.
Office of the New Jersey Attorney General
Department of Law and Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ  08625-00112

Re:   Tucker v. Doe, et al. - 03-5704 (WHW)
      Appeal of Magistrate Judge Claire C. Cecchi's March 20, 2008 Letter Order, in Part,
      Denying Sanctions

Dear Litigants:

    Pro se Plaintiff Matthew Tucker appeals Magistrate Judge Claire C. Cecchi's March 20,

2008 Letter Order, in part, denying Plaintiff's motion for sanctions.  Pursuant to Federal Rule of

Civil Procedure 78, the Court decides this motion without oral argument.  Magistrate Judge Cecchi's Letter Order is affirmed with respect to her denial of Plaintiff's motion for sanctions.[1]

### FACTS AND PROCEDURAL BACKGROUND

On February 28, 2008, Plaintiff Matthew Tucker moved for sanctions against Defendants' counsel Matthew Sapienza for Sapienza's alleged misrepresentation of Magistrate Judge Cecchi's law clerk's name in his February 13, 2008 letter.  (See Motion (No. 85).)  According to Plaintiff, he called Magistrate Judge Cecchi's chambers on February 25, 2008, and asked for her law clerk's name, and he was informed that Magistrate Judge Cecchi's law clerk's name was Melissa Reilly.  (Id. at 1-2.)  Sapienza's letter had stated her name as Ms. Welsh.  In a March 25, 2008 Letter Order, Magistrate Judge Cecchi denied Plaintiff's motion, stating that "[t]he full name of my law clerk is Melissa Welsh Reilly" and holding that "there is no basis for the issuance of sanctions."  (Letter Order (No. 86) at 2.)

Plaintiff now appeals Magistrate Judge Cecchi's Letter Order denying sanctions, suggesting that "[t]here is no way that Ms. Reilly gave her middle name to Mr. Sapienza as Ms. Welsh instead of Ms. Melissa Welsh Reilly which would have been Ms. Reilly [sic] legal name to be used in a court of law."  (Motion (No. 89) at 2.)  Plaintiff asserts that "Matthew Tucker don't [sic] believe that Judge Cecchi told the truth about the real name of his [sic] law clerk" and that "Matthew Tucker don't [sic] believe that Ms. Reilly's middle name is Welsh."  (Id. at 2-3.)

---

[1] The Court expresses no opinion with respect to the balance of Magistrate Judge Cecchi's March 20, 2008 Letter Order, as it is not before it on appeal.

Accordingly, Plaintiff requests that the Court "verify whether Ms. Reilly's middle name is Welsh and Ms. Reilly [sic] full name is Ms. Melissa Welsh Reilly." (Id. at 3.)

## DISCUSSION

Plaintiff Matthew Tucker's frivolous appeal is denied, and Magistrate Judge Cecchi's March 20, 2008 Letter Order is affirmed, with respect to her denial of Plaintiff's motion for sanctions. Magistrate Judge Cecchi's law clerk's full name is, in fact, Melissa Welsh Reilly.

The Court cautions Plaintiff against making unwarranted accusations as to the credibility of Magistrate Judge Cecchi, or any officer of the Court, in the future. Such an accusation is not only incorrect, but also improper, and the Court will have little patience for such conduct.[2]

## CONCLUSION

It is on this 15th day of April, 2008,

**ORDERED** that Magistrate Judge Claire C. Cecchi's March 20, 2008 Letter Order is **AFFIRMED**, with respect to her denial of Plaintiff Matthew Tucker's motion for sanctions.

s/William H. Walls
United States Senior District Judge

---

[2] The Court refers Plaintiff to Fed. R. Civ. P. 11(c)(3), stating that "[o]n its own, the court may order [a] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)," if he engages in such conduct in the future.