# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

April 29, 2008

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
10 Ellis Drive, 3rd Floor
Central Avenue Complex, Wing-B
Greystone, NJ 07950

Matthew A. Sapienza, Esq.
Office of the New Jersey Attorney General
Department of Law and Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ 08625-00112

Re: Tucker v. Doe, et al. - 03-5704 (WHW)
Motion for Summary Judgment

Dear Litigants:

Pro se Plaintiff Matthew Tucker moves under Fed. R. Civ. P. 56(a) for summary judgment. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. Plaintiff's motion for summary judgment is denied.

**FACTS AND PROCEDURAL BACKGROUND**

On November 23, 2003, Plaintiff Matthew Tucker filed a Complaint naming "John Doe, Clerk of the Superior Court of N. Jersey, Morristown, NJ" as Defendant. The Complaint alleges that Defendant violated Tucker's right of access to court when he did not file the complaints which Tucker had mailed from Greystone Park Psychiatric Hospital to the Superior Court of New Jersey in Morristown, New Jersey (the "Superior Court Complaints"). The Court dismissed the Complaint on April 30, 2004, on the basis of absolute immunity. Following a timely appeal, the Third Circuit vacated the Court's order and remanded the case for further proceedings on April 6, 2006.

On August 9, 2006, default was entered against Joan Bramhall. On November 9, 2006, however, default was vacated because the Court learned that Michael Arnold, not Bramhall, was the true party-in-interest. The State agreed to accept service of the Complaint made against Defendant John Doe, otherwise known as Michael Arnold, Deputy Clerk of the Superior Court of New Jersey, Morris Vicinage.[1]

In accordance with Magistrate Judge Hedges's March 23, 2007 Order, Plaintiff filed a narrative statement of facts of the case on April 2, 2007. Plaintiff notes that "Defendant has stated through counsel that Defendant never received the [Superior Court Complaints] sent him

---

[1] On May 8, 2007, the Court reversed, in part, Magistrate Judge Ronald Hedges's January 12, 2007 Letter Order denying Plaintiff's motion for leave to amend his Complaint. Plaintiff filed his Amended Complaint on May 16, 2007, adding two Defendants – Greystone Park Psychiatric Hospital employees Beverly Bailey and Danielle Baenave – to whom Plaintiff claims he gave the Superior Court Complaints to take to the mailroom of Greystone Park Psychiatric Hospital for posting and mailing. Plaintiff's motion for summary judgment, however, only seeks a decision with respect to Defendant Arnold.

by plaintiff made reference to in case # 03-5704." (Pl.'s Narrative Statement of Facts (No. 56) at 1.) As a result Plaintiff asserts that "[a]t this time plaintiff cannot prove wheather [sic] Defendant is telling the truth or not telling the truth." (Id.) Plaintiff then makes reference to his intent to amend his Complaint to add Greystone Park Psychiatric Hospital employees whom he alleges would be responsible for posting and mailing the Superior Court Complaints.[2] (See id. at 1-3.) According to Plaintiff, "[n]one of plaintiff [sic] legal mail made reference to in this cause 03-5704 came back . . . not delivered," so he concludes that "[e]ither the mail was delivered to Defendant or the mail was never processed nor postage paid by staff at Greystone Hospital." (Id. at 3.)

On April 23, 2007, Defendant Arnold filed his narrative statement of facts of the case. Defendant Arnold alleges that "[d]iscovery reveals that Plaintiff did not personally apply postage to or mail any of the complaints that the Clerk of the Court allegedly refused to file," continuing that Plaintiff admits that "he gave the complaints to Greystone Psychiatric Hospital employees and assumed the documents would be mailed" and that "he has no evidence which proves that his complaints were properly posted and mailed by Greystone Psychiatric Hospital employees to the Defendant." (Def.'s Narrative Statement of Facts (No. 58) at 3, ¶ 7.) According to Defendant Arnold, he possesses "business records indicating those complaints received and filed by litigants. . . . establish[ing] that the Clerk's Office received and filed four complaints submitted by Plaintiff during the time relevant to the within matter," including two Superior Court

---

[2] When Plaintiff filed his narrative statement of facts, the Court had not yet reversed, in part, Magistrate Judge Hedges's January 12, 2007 Letter Order, which had denied him leave to amend his Complaint.

Complaints, which "Plaintiff alleges that the Clerk's Office failed to file." (Id. at 4, ¶ 8.) Further, Defendant Arnold claims that "[a]ll of Plaintiff's complaints which the court has a record of receiving were filed and eventually dismissed by the court" and cites, as example, that "in an earlier federal suit filed by Plaintiff in this District . . . Plaintiff contended that the same lawsuit he now says was never filed was wrongfully dismissed by the Court." (Id.)

Plaintiff filed his motion for summary judgment, as well as a supplement to that motion, on August 30, 2007.

**LEGAL STANDARD**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. See id. at 248. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To survive a motion for summary judgment, a non-movant must present more than a mere scintilla of

evidence in his favor. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). "[C]onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253 (1968).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See id. at 255; Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002).

**DISCUSSION**

Plaintiff Matthew Tucker has failed to establish the absence of genuine issues of material fact, and accordingly, his motion for summary judgment must be denied. Defendant Michael Arnold states that "[d]iscovery reveals that Plaintiff did not personally apply postage to or mail any of the complaints that the Clerk of the Court allegedly refused to file" and that Plaintiff "has no evidence which proves that his complaints were properly posted and mailed by Greystone Psychiatric Hospital employees to the Defendant." (Def.'s Narrative Statement of Facts (No. 58) at 3, ¶ 7.) Defendant Arnold maintains that "[a]ll of Plaintiff's complaints which the court has a record of receiving were filed," pointing to business records as support. (Id. at 4, ¶ 8.) Moreover, Plaintiff even admits that, at this time, he is unable to prove that Defendant Arnold received the Superior Court Complaints. (See Pl.'s Narrative Statement of Facts (No. 56) at 1.)

It follows that genuine issues of material fact remain as to whether Defendant Arnold received the Superior Court Complaints, proof of which is necessary to determine whether Defendant Arnold denied Plaintiff his right of access to court.

Plaintiff argues that Defendant Arnold, in his narrative statement of facts, "admitted that [he] did not file complaint Matthew Tucker v. John Main, et al. although [he] received the complaint." (Pl.'s Mot. for Summ. J. (No. 73) at 2, 5.) Plaintiff, however, is mistaken. In his narrative statement of facts, Defendant Arnold states "assuming arguendo that the Clerk's Office received but failed to file" Matthew Tucker v. John Main, et al. (Def.'s Narrative Statement of Facts (No. 58) at 5, ¶ 9.) This statement was intended to pose a hypothetical argument, not to serve as an admission of any failure to file the complaint in question.[3]

Due to the existence of genuine issues of material fact, the Court must deny Plaintiff's motion for summary judgment.

**CONCLUSION**

It is on this 29th day of April, 2008,

**ORDERED** that Plaintiff Matthew Tucker's motion for summary judgment is **DENIED**.

**s/William H. Walls**
United States Senior District Judge

---

[3] Additionally, Plaintiff responds to arguments that Defendant Arnold makes in his narrative statement of facts with respect to the notice provisions of the New Jersey Tort Claims Act, (see Pl.'s Mot. for Summ. J. (No. 73) at 4-5; Pl.'s Supplement to Mot. for Summ. J. (No. 74) at 1-2), and the New Jersey Entire Controversy Doctrine, (see Pl.'s Mot. for Summ. J. (No. 73) at 5). Plaintiff's arguments on these points, however, fail to discuss the aforementioned genuine issues of material fact.