# UNITED STATES DISTRICT COURT

District of New Jersey

<div style="display: flex; justify-content: space-between;">

Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

</div>

<u>NOT FOR PUBLICATION</u>

<u>LETTER OPINION</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

August 15, 2008

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
59 Koch Avenue
Section 2, Unit D2
Morris Plains, NJ 07950

Joseph Ives Picillo, Esq.
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, NJ  08625-0116

Re:   <u>Tucker v. Doe, et al.</u> - 03-5704 (WHW)
      Motion to Find Defendants Danielle Barnave and Beverly Bailey in Default and Basis for
      Plaintiff Wanting Default Judgement in the Amount of $500,000.00 in Referenced State
      Law Claims and $500,000.00 in Federal Law Claims Raised by Plaintiff in his Amended
      Complaint

Dear Litigants:

<u>Pro se</u> Plaintiff Matthew Tucker moves for an entry of default judgment as to Defendants Beverly Bailey and Danielle Barnave. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. Plaintiff's motion for an entry of default judgment is denied, and the Clerk's Office's entry of default is vacated.

## FACTS AND PROCEDURAL BACKGROUND

On November 25, 2003, Plaintiff Matthew Tucker filed a Complaint naming "John Doe-Jane Doe Clerk of Court, Superior Court of N. Jersey, Morristown, N. Jersey" as Defendant. (Compl. (No. 2).) The Complaint alleges that Defendant violated Plaintiff's right of access to the Court when he did not file complaints that Plaintiff had mailed from Greystone Park Psychiatric Hospital to the Superior Court of New Jersey in Morristown, New Jersey. (<u>Id.</u>) The Court dismissed the Complaint on April 30, 2004, on the basis of absolute immunity. (Op. (No. 1).) Following a timely appeal, the Third Circuit vacated the Court's order and remanded the case for further proceedings on April 6, 2006. (USCA J. (No. 12).)

On August 9, 2006, default was entered against Joan Bramhall. On November 9, 2006, however, default was vacated because the Court learned that Michael Arnold, not Bramhall, was the true party-in-interest. (Order (No. 32).) The State of New Jersey agreed to accept service of the Complaint made against Defendant John Doe-Jane Doe, otherwise known as Michael Arnold, Deputy Clerk of the Superior Court of New Jersey, Morris Vicinage. (<u>Id.</u>)

On May 8, 2007, the Court reversed in part and affirmed in part Magistrate Judge Ronald

Hedges's January 12, 2007 Letter Order. (Order (No. 60).) Specifically, the Court reversed Magistrate Judge Hedges's order denying Plaintiff's motion to amend his Complaint. (Id.) Plaintiff filed his Amended Complaint on May 16, 2007, adding two Defendants – Beverly Bailey and Danielle Barnave – alongside Arnold and "John-Jane Doe." (Am. Compl. (No. 61).) On June 27, 2007, Plaintiff filed a motion for an entry of default against all Defendants, but the Court denied the motion with respect to Defendants Bailey and Barnave because "it appear[ed] that as of the filing of this motion, they had not been served with the Amended Complaint." (Letter Op. (No. 79) at 4.)

On March 20, 2008, Magistrate Judge Claire C. Cecchi granted Plaintiff's motion requesting an order directing the United States Marshal to serve the Amended Complaint on Defendants Bailey and Barnave and directed the Clerk's Office "to issue new summonses in this matter and to send the appropriate forms to Mr. Tucker." (Letter Order (No. 86) at 1.) The Clerk's Office issued summonses as to Defendants Bailey and Barnave on March 27, 2008, (Summons (No. 88)), and United States Marshal ("USM") Forms 285, "Process Receipt and Return," indicate that Defendants Bailey and Barnave were "personally served" with summonses and copies of the Amended Complaint on April 29, 2008, (USM Forms 285 (No. 95)). On May 28, 2008, Plaintiff requested an entry of default as to Defendants Bailey and Barnave, (Mot. (No. 97)), and the Clerk's Office entered default against them on that same date. Plaintiff filed this motion for an entry of default judgment on May 30, 2008. Defendants Bailey and Barnave

submitted their opposition to Plaintiff's motion and requested vacatur of default on July 14, 2008.[1]

## LEGAL STANDARD

Fed. R. Civ. P. 55(b)(2) governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. Fed. R. Civ. P. 55(b)(2); Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc., No. 99-755, 1999 WL 269903, at *1 (E.D. Pa. Apr. 28, 1999). Before a default judgment may be entered by the court, the moving party must have obtained an entry of default pursuant to Fed. R. Civ. P. 55(a). See 10A Wright, et al., Federal Practice & Procedure § 2682.

A party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant was served with process, and where the default has been noted pursuant to Fed. R. Civ. P. 55(a). See, e.g., Cableco, Inc., 1999 WL 269903 at *1. The district court has the discretion to enter default judgment, although entry of default judgments are disfavored because decisions on the merits are preferred. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). When entertaining a motion for default judgment, a court may consider the following factors: the potential amount of damages; whether issues of material fact or substantial public concern are implicated; whether the default is primarily technical; whether the moving party has been substantially prejudiced by the delay involved; whether the grounds for default are clearly

---

[1] Defendants Bailey and Barnave's opposition to Plaintiff's motion was due on June 23, 2008, according to the Scheduling Order entered by Magistrate Judge Cecchi. (Order (No. 100).) In a July 8, 2008 letter, however, Defendants Bailey and Barnave requested that their untimeliness in submitting their opposition be excused by the Court, and the Court ultimately permitted them to submit that opposition after the established deadline. (Letter (No. 103).)

established or in doubt; whether the default was attributable to good faith, mistake, or excusable neglect; and whether the court may later be obliged to set aside the default.  Franklin v. Nat'l Maritime Union of Am., No. 91-0480, 1991 WL 131182, at *1 (D.N.J. July 16, 1991), aff'd, 972 F.2d 1331 (3d Cir.1992).

## DISCUSSION

Because the docket reflects that Defendants Beverly Bailey and Danielle Barnave were served with process on April 29, 2008,[2] (see USM Forms 285 (No. 95)), and because the Clerk's Office entered default against Defendants Bailey and Barnave on May 28, 2008, Plaintiff Matthew Tucker's motion for entry of default judgment is properly before the Court.

In his motion for entry of default judgment, Plaintiff initially notes that "Defendant Michael Arnold, Clerk of Court, Superior Court, Morristown, N. Jersey . . . went on record stating that his office received all Plaintiff complaints except complaint dated November 10, 2003 and October 3, 2003."  (Mot. (No. 98) at 2.)  Given this statement by Defendant Arnold, Plaintiff concludes that "Defendants Danielle Barnave and Beverly Bailey violated Matthew Tucker's . . . rights when they failed to timely process and mail Plaintiff complaints dated November 10, 2003 and October 3, 2003" because "Defendants destroyed Plaintiff legal mail." (Id. at 3.)  Plaintiff also claims that he should receive damages in the amount of $1,000,000.00 because he "sought damages in the amount of $5,000,000.00 in the complaint dated November

---

[2] Defendants Bailey and Barnave's opposition to Plaintiff's motion for entry of default judgment provides that "the summons on the Amended Complaint were not served upon defendants Bailey and Barnave until May 9, 2008."  (Opp. to Pl.'s App. for Entry of Default J. (No. 105) at 2.)  USM Forms 285, however, reflect that Defendants Bailey and Barnave were "personally served" on April 29, 2008.  (USM Forms 285 (No. 95).)

10, 2003 and sought damages in the amount of $100,000.00 in the complaint dated October 3, 2003," so "damages in the amount of $1,000,000.00 is not excessive considering the damages Plaintiff has lossed [sic] concerning complaints dated November 10, 2003 and October 3, 2003." (Id. at 4.)

In their opposition to Plaintiff's motion, Defendants Bailey and Barnave fail to address the substantive claims made by Plaintiff. Instead, their opposition discusses circumstances within the Office of the Attorney General of New Jersey that purportedly should excuse their untimeliness in submitting their answer to Plaintiff's Amended Complaint and their response to Plaintiff's motion for entry of default judgment. (Opp. to Pl.'s App. for Entry of Default J. (No. 105) at 2-3.) According to Defendants Bailey and Barnave, "[d]ue to a potential conflict of interest, th[e] office [of the Attorney General] separated the defense of defendant Deputy Clerk Michael Arnold from defendants Bailey and Barnave," assigning "[t]he defense of defendants Bailey and Barnave . . . to Deputy Attorney General Joseph Piccilo." (Id. at 2.) Defendants Bailey and Barnave assert that "since DAG Piccilo had yet to enter an appearance in this matter, he did not receive a copy of the scheduling order [entered by Magistrate Judge Cecchi on June 23, 2008] or a copy of Judge Walls' letter dated July 1, 2008 [directing Piccilo to enter an appearance on behalf of Defendants Bailey and Barnave if he intended to represent them in this matter] as of July 8, 2008." (Id.) Moreover, Defendants Bailey and Barnave state that "DAG Picillo was not aware that defendants Bailey and Barnave had been served in this matter and was only aware of service in an almost identical matter filed under Civil Action No. 04-00277." (Id. at 2-3.)

The Third Circuit "does not favor entry of defaults or default judgments," United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984), and this Court generally prefers to allow parties to litigate matters on their substantive merits. Although Defendants Bailey and Barnave failed to address this matter until their July 8, 2008 letter, which was submitted fifty days after the deadline for the filing of their answer, the Court is unaware of any reason why such delay has caused Plaintiff substantial prejudice, particularly in light of that Plaintiff did not serve his Amended Complaint on Defendants Bailey and Barnave until nearly a year after he had filed it. In addition, the Court is satisfied that Defendants Bailey and Barnave's explanation as to why the Office of the Attorney General did not timely respond to Plaintiff's motion serves as adequate grounds to demonstrate that their default was the result of excusable neglect.[3] Furthermore, Plaintiff's conclusory statement that he is entitled to $1,000,000.00 simply because he claimed damages of $5,000,000.00 and $100,000.00 in the allegedly lost complaints is insufficient to support a default judgment for any amount, let alone the large figure that he is requesting. Accordingly, the Court denies Plaintiff's motion for entry of default judgment and vacates the Clerk's Office's entry of default.

---

[3] As expressed in its July 11, 2008 letter (No. 103) and its June 3, 2008 Letter Opinion (No. 87) in Tucker v. I'Jama, No. 04-277, the Court remains troubled by the Office of the Attorney General's laxity and inattention to this matter and I'Jama.

## CONCLUSION

It is on this 15th day of August, 2008,

**ORDERED** that Plaintiff Matthew Tucker's motion to find Defendants Danielle Barnave and Beverly Bailey in default and basis for Plaintiff wanting default judgement in the amount of $500,000.00 in referenced state law claims and $500,000.00 in federal law claims raised by Plaintiff in his Amended Complaint (No. 98) is **DENIED**; and

It is further **ORDERED** that the Clerk's Office's entry of default is **VACATED**. Defendants Bailey and Barnave's Answer (No. 111), filed prematurely on July 29, 2008, will be treated as if filed on the date of this Letter Opinion for scheduling purposes. Magistrate Judge Claire C. Cecchi's June 10, 2008 Order will control all deadlines in this matter going forward.

<div style="text-align: right;">

s/William H. Walls
United States Senior District Judge

</div>