UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW TUCKER, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 03-5704 (WHW) |
| : | |
| MICHAEL ARNOLD, BEVERLY : | |
| BAILEY, DANIELLE BARNAVE, and : | |
| JOHN AND JANE DOE, Employees of the : | |
| Mail Room, Greystone Park Psychiatric : | |
| Hospital, State of New Jersey, : | |
| : | |
| Defendants. : | |

**Walls, Senior District Judge**

Defendants Michael Arnold, Beverly Bailey and Danielle Barnave move for summary judgment. Pursuant to Fed. R. Civ. P. 78, the Court decides these motions without oral argument. The motions are granted.

### FACTS AND PROCEDURAL BACKGROUND

Pro se plaintiff Matthew Tucker is an involuntary inmate of the Greystone Psychiatric Hospital ("Greystone"). (Certification of Matthew Sapienza ("Sapienza Cert.") ¶ 3, Exh. A at 3.) On November 23, 2003, Tucker filed a complaint naming "John Doe - Jane Doe, Clerk of the Superior Court of N. Jersey, Morristown, NJ" as defendant.[1] The Complaint alleges that

---

[1] Plaintiff has filed a nearly identical action in this Court against Collins E. Ijoma (incorrectly pled as Collins I'Jama), Deputy Clerk of the Essex Vicinage of the Superior Court of New Jersey. Tucker v. I'Jama, No. 04-277 (WHW). In that case, Tucker alleges that Mr. Ijoma's office failed to file three complaints which he allegedly submitted for filing in June and July 2002 and that Beverly Bailey and Danielle Barnave, two of the defendants in this action,

defendant John or Jane Doe violated Tucker's right of access to court when (s)he did not file five civil complaints which Tucker had mailed from Greystone to the Superior Court of New Jersey in Morristown, New Jersey (the "Superior Court Complaints"). (Dkt. Entry No. 2.) The Court dismissed the Complaint on April 30, 2004, on the basis of absolute immunity. (Dkt. Entry Nos. 3-4.) Following a timely appeal, the Third Circuit vacated the Court's order and remanded the case on April 6, 2006. (Dkt. Entry No. 14.)

On August 9, 2006, default was entered against Joan Bramhall. (Dkt. Entry No. 19.) On November 9, 2006, however, default was vacated because the Court learned that Michael Arnold, not Bramhall, was the true party-in-interest. (Dkt. Entry No. 32.) The State agreed to accept service of the Complaint made against defendant John/Jane Doe, on behalf of Michael Arnold, Deputy Clerk of the Superior Court of New Jersey, Morris Vicinage. (Id.) Plaintiff filed his Amended Complaint on May 16, 2007, adding as defendants Greystone employees Beverly Bailey and Danielle Barnave, to whom plaintiff claims he gave the Superior Court Complaints to take to the mailroom of Greystone for posting and mailing, and "John - Jane Doe, employees of mail room, Greystone Park Psychiatric Hospital, State of New Jersey." (Dkt. Entry No. 61.) Plaintiff alleges that Bailey, Barnave, and unknown defendants of the Greystone mail room negligently mishandled his mail denying him access to the courts in violation of his

---

negligently failed to mishandled his mail. Plaintiff has apparently filed approximately thirty cases in this District alone against various state and federal employees, including judges, clerks of the courts, the New Jersey Supreme Court and former New Jersey governors and attorneys general. See Tucker v. Dumont, No. 04-434 (JLL), 2007 WL 329201, *1 n.1 (D.N.J. Jan. 30, 2007).

constitutional rights.  (Id.)  Default was entered against the newly added defendants on May 28, 2008 but was vacated.  (Dkt. Entry Nos. 97, 114.)

Defendants now move for summary judgment.  Plaintiff opposes the motions.[2]

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986).  A factual dispute is material if, under the substantive law, it would affect the outcome of the suit and it is genuine if a reasonable jury could return a verdict for the non-moving party.  See id. at 248.  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

---

[2] On November 12, 2008, the Court ordered Tucker to file a legible response to Defendants' motion finding his initial handwritten submissions to be illegible.  (Dkt. Entry No. 124.)  Plaintiff resubmitted his responses but the Court found them to be still illegible.  (Dkt. Entry No. 125.)  The Court advised plaintiff on December 18, 2008 that his opposition will not be considered due to his failure to comply with the earlier order.  (Dkt. Entry No. 128.)  Plaintiff filed a motion to accept his responses to defendants' motions for summary judgment as legible on December 30, 2008 attaching a re-written response.  (Dkt. Entry No. 129.)  Given Tucker's lack of access to a computer or typewriter and his efforts to comply with the Court's Order, his last filed response will be considered to the extent the Court can decipher it.

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" in question. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). To survive a motion for summary judgment, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). The non-moving party must go beyond the pleadings and, by affidavits or other evidence, designate specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 323-24. "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See id. at 255; Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

**DISCUSSION**

Plaintiff contends that defendant Arnold violated his right of access to the courts by "fail[ing] to process [his] complaints timely and refus[ing] to acknowledge receipt or not of [his] complaints and refus[ing] to process [his] complaints" (Dkt. Entry No. 2). In order to state a claim for denial of access to the courts, a plaintiff must demonstrate first, that a deliberate act by

the defendant hindered his access to the courts; allegations of simple negligence will not do.  See Turner v. Donnelly, 156 Fed. Appx. 481, 483 (3d Cir. 2005) ("the Supreme Court has removed negligent denials of access from the reach of § 1983.") (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)); see also Berg v. County of Allegheny, 219 F.3d 261, 274 (3d Cir. 2000) ("Negligence by public officials is not actionable as a due process violation."); Snyder v. Nolen, 380 F.3d 279, 291 n.1 (7th Cir. 2004) ("An allegation of simple negligence will not support a claim that an official has denied an individual access to the courts.").  Second, a plaintiff must "prove that he suffered an actual injury, and the claim must be alleged with sufficient clarity to show that it has some arguable merit."  Tucker v. Monroe, 2008 U.S. App. LEXIS 17373 (3d Cir. Aug. 12, 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002); Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997); Lewis v. Casey, 518 U.S. 343, 351 (1996)).  Plaintiff must also show that the lost claim he was denied a chance to litigate was non-frivolous because "depriving someone of a frivolous claim ... deprives of nothing at all."  Lewis, 518 U.S. at 353 n.3.  Plaintiff fails on both fronts.

In this case, plaintiff says that he attempted to file five civil complaints in the Morris Vicinage of the Superior Court of New Jersey in a three-month period from September to November 2003.  The complaints that plaintiff allegedly submitted for filing are: Tucker v. Presiding Judge Sylvia B. Pressler, et al. ("Tucker v. Judge Pressler I"), on September 29, 2003; Tucker v. Danielle Barnave, et al., on October 3, 2003; Tucker v. Presiding Judge Sylvia B. Pressler, et al. ("Tucker v. Judge Pressler II"), on October 20, 2003; Tucker v. John Main, et al., on November 10, 2003; and Tucker v. Stephen Townsend, et al., on November 10, 2003.  (Dkt.

Entry No. 2.)  Defendant Arnold has submitted evidence that two of these complaints that Tucker says were not filed were, in fact, received and filed by the Morris Vicinage Clerk and adjudicated by the Superior Court.  First, the complaint captioned Tucker v. Stephen Townsend, et al., mailed on November 17, 2003, was received and filed by the Morris Vicinage Clerk on November 17, 2003 and assigned docket number MRS-L-3085.  (Defendant Arnold's L.R. 56.1 Statement ¶¶ 22-25.)  Second, the complaint entitled Tucker v. Judge Pressler I, which plaintiff allegedly mailed on September 29, 2003 was received by Morris Vicinage Clerk on October 10, 2003, filed and assigned docket number MRS-L-2841-03.  (Defendant Arnold's L.R. 56.1 Statement ¶¶ 13-16.)  Tucker admitted at his deposition that these two complaints were, in fact, filed and that they were no longer at issue in this case.  (Sapienza Cert. ¶ 5, Exh. C at 22:9-16.)  As to the rest of the complaints, Tucker v. Barnave, Tucker v. Judge Pressler II, and Tucker v. Main, the Morris Vicinage Clerk has no record of receiving these pleadings.  (Defendant Arnold's L.R. 56.1 Statement ¶¶ 13-16.)  The Clerk, however, has a record of two additional complaints from Tucker which were duly filed and adjudicated: Tucker v. Thomas Vena, et al., No. MRS_L-2620-03 and Tucker v. Gregory Roberts, et al., No. MRS-L-2710-03.  (Certification of Robert Tracy ("Tracy Cert.") ¶¶ 15-18, Exhs.2-3, 7, 9.)

     The evidence presented by defendant Arnold with respect to plaintiff's four complaints which were filed supports the conclusion that when defendant received a complaint from Tucker, he duly filed them in accordance with New Jersey Rules of Court and standard procedures of his office.  In opposition to the defendant's motion, Tucker has presented not a scintilla of evidence to disturb this conclusion.  Tucker states:

> Matthew Tucker did give his legal mail to Danielle Barnave and Beverly Bailey for mailing and that Matthew Tucker [sic] complaints was [sic] never filed and processed by Mr. Michael Arnold. So the question still remains what happen [sic] to Matthew Tucker's complaints that were submitted to Mr. Arnold's Office and the Attorney General, State of N. Jersey? Mr. Michael Arnold did go on Record and stated that his office did receive some of Plaintiff [sic] complaints, so how can Defendants state nothing happen [sic] on Defendants' part that would not cause Plaintiff to accuse Defendants' for violation of Plaintiff [sic] constitutional rights in this cause.

(Dkt. Entry No. 129-1 at 2.) This response is insufficient to create even an inference of negligence, let alone an intentional wrong. In a similar case involving a denial of access claim against a court employee, Judge Easterbrook of the Seventh Circuit held that there can be no constitutional violation where litigants have the opportunity to correct an error by a court's administrative staff. Snyder, 80 F.3d at 392 (Easterbrook, J., concurring) ("litigants have 'access' to the court when there are avenues to correct mistakes"). The Court agrees with the reasoning of Judge Easterbrook that, at a minimum, a plaintiff asserting a denial of access claim must allege and prove that his opportunity to litigate a meritorious claim has been irrevocably lost through no lack of diligence of his own. Here, Tucker could have re-submitted his complaints when he did not receive confirmation that they have been filed, correcting the error, if any, on defendant's part. He did not and he cannot now claim that he was "grieved" to the tune of $15 million.

Even if plaintiff had produced some evidence of an intentional act, plaintiff cannot prevail because he has shown no actual injury. With respect to Plaintiff's second complaint against Judge Pressler which he claims he sent on October 20, 2003 (Tucker v. Judge Pressler II), Tucker's discovery responses suggest that the complaint sent on September 29, 2003 and filed by

7

defendant and the complaint sent on October 20, 2003 are one and the same. In addition, when Tucker produced the September 29, 2003 complaint (<u>Tucker v. Judge Presser I</u>), he wrote on the document "mailed on September 29, 2003," and "served on the clerk on October 20, 2003." (Sapienza Cert. ¶ 6, Exh. D.) In addition, Tucker never produced the October 20, 2003 complaint in discovery and could not recall how the second complaint was different from the September 29, 2003 complaint. (Sapienza Cert. ¶ 5, Exh. C at 30:8-33:15.) Because Tucker cannot show that his second complaint against Judge Pressler, if there was one, contained a meritorious claim, he cannot demonstrate actual injury with respect to the alleged failure to file the complaint.

    The same is true of the two remaining complaints, <u>Tucker v. Barnave</u> and <u>Tucker v. Main</u>. Defendants have submitted evidence that the claims contained in these complaints were litigated and dismissed in the New Jersey Superior Court and this District. (Sapienza Cert. ¶¶ 39-55, Exhs. F-R.). Because Tucker has already been granted an opportunity or several opportunities to litigate the very claims he complains were not filed, he has suffered no injury. Defendant Arnold's motion for summary judgment is granted.

    Because he has suffered no injury, his claims against Beverly Bailey, Danielle Barnave, and unknown defendants of the Greystone mail room must also be dismissed.[3] Bailey's and Barnave's motions are granted.

---

[3] Plaintiff's plethora of claims against these later added defendants include claims under 42 U.S.C. Section 1983, 42 U.S.C. Section 1985 and state tort claims.

One final note: As noted, defendants have presented unrebutted evidence that Plaintiff has repeatedly brought already adjudicated claims to this District as well as the New Jersey Superior Court. In a case preceding this action, then Chief Judge Bissell entered an Order on November 14, 2002 ordering the Clerk of this District to not accept for filing any future pleadings or civil actions from Plaintiff unless he either (1) paid the requisite docketing fee; or (2) obtain leave of Court. See Tucker v. Walsh, No. 02-4667 (JWB), Dkt. Entry No. 3 (D.N.J. Nov. 14, 2002). In seeking leave, the Order required Tucker to certify that the claims he raises have not been raised and disposed of on the merits by any federal or state court; the Order further provided that his failure to certify will be grounds for denial of leave of Court. See id. Here, Tucker "certified" that the claims he has raised against defendants in this action have not been raised and disposed of in another court. (Dkt. Entry No. 2.) Plaintiff, however, omitted the words "under penalty of perjury that the foregoing is true and correct" as required under 28 U.S.C. § 1746. (Id.) The Court will excuse this non-compliance but orders Tucker that any future certifications he files pursuant to Chief Judge Bissell's November 14, 2004 Order must comply with 28 U.S.C. § 1746.

s/William H. Walls
United States Senior District Judge

**Appearances:**

Matthew Tucker, #18552
Greystone Park Psychiatric Hospital
59 Koch Avenue
Section 2, Unit D2

9

Morris Plains, NJ 07950
    Plaintiff Pro Se

Matthew Sapienza
Deputy Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
    Attorney for Defendant Michael J. Arnold

Joseph Ives Picillo
Deputy Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 116
Trenton, NJ 08625-0112
    Attorney for Defendants Beverley Bailey and Danielle Barnave